**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

**THE SAMUEL LAW FIRM**
Michael Samuel (MS 7997)
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
michael@thesamuellawfirm.com

Attorneys for Plaintiffs, Individually and on behalf of all others similarly situated

JOSE VILLEGAS, and PEDRO TEMPLOS LOPEZ, on behalf of themselves and all other persons similarly situated,

Plaintiffs,

- vs. -

POKE BURRITO INC. d/b/a POKE BURRITO, "PAISANO" DOE (an individual whose full name is currently unknown but is expected to become known in the course of discovery),

Defendants.

DOCKET NO. ___________

**COMPLAINT**

**COLLECTIVE ACTION**

Plaintiffs JOSE VILLEGAS, and PEDRO TEMPLOS LOPEZ, by and through their undersigned attorneys, for their complaint against defendants POKE BURRITO INC. d/b/a POKE BURRITO, and "PAISANO" Doe (an individual whose full name is currently unknown but is expected to become known in the course of discovery) allege as follows, on behalf of themselves and on behalf of all other persons similarly situated:

**NATURE OF THE ACTION**

1. Plaintiffs JOSE VILLEGAS, and PEDRO TEMPLOS LOPEZ allege on behalf of themselves and on behalf of other similarly situated current and former employees of defendants POKE BURRITO INC. d/b/a POKE BURRITO, and "PAISANO" DOE, who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), that they are entitled to: (i) compensation for wages paid at less than the statutory minimum wage, (ii) unpaid wages from defendants for overtime work for which they did not receive overtime compensation pay as required by law, and (iii) liquidated damages pursuant to the FLSA, 29 U.S.C. §§ 201 et seq., because defendants' violations lacked a good faith basis.

2. JOSE VILLEGAS, and PEDRO TEMPLOS LOPEZ further complain that they are entitled to (i) compensation for wages paid at less than the statutory minimum wage; (ii) back wages for overtime work for which defendants willfully failed to pay overtime compensation pay as required by the New York Labor Law §§ 650 et seq. and the supporting New York State Department of Labor regulations; (iii) compensation for defendants' violations of the "spread of hours" requirements of New York Labor Law; (iv) liquidated damages pursuant to New York Labor Law for these violations; and (v) statutory damages for defendants' violation of the Wage Theft

Prevention Act.

**THE PARTIES**

3. Plaintiff JOSE VILLEGAS is an adult individual residing in Astoria, New York.

4. Plaintiff PEDRO TEMPLOS LOPEZ is an adult individual residing in Woodside, New York.

5. JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ each consents in writing to be a party to this action pursuant to 29 U.S.C. § 216(b).

6. Defendant POKE BURRITO INC. d/b/a POKE BURRITO is a domestic business corporation organized under the laws of the State of New York (hereinafter referred to as "POKE BURRITO") with a registered business address and principal place of business at 3707 30th Avenue, Astoria, New York 11103.

7. Defendant POKE BURRITO owns and operates a restaurant named "POKE BURRITO" located at 3707 30th Avenue, Astoria, New York 11103.

8. At all relevant times, defendant POKE BURRITO was an employer engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

9. At all relevant times, defendant POKE BURRITO has been and continues to be an employer engaged in interstate commerce and/or the production of goods for commerce within

the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

10. Upon information and belief, at all relevant times, defendant POKE BURRITO has had gross revenues in excess of $500,000.00.

11. Upon information and belief, at all relevant times herein, defendant POKE BURRITO has used goods and materials produced in interstate commerce and has each employed at least two individuals who handled such goods and materials.

12. Upon information and belief, defendant "PAISANO" DOE is an owner or part owner and principal of POKE BURRITO, who has the power to hire and fire employees, set wages and schedules, and maintain records.

13. Defendant "PAISANO" DOE was involved in the day-to-day operations of POKE BURRITO and played an active role in managing the business.

14. Defendants constituted employers of JOSE VILLEGAS, and PEDRO TEMPLOS LOPEZ as that term is used in the Fair Labor Standards Act and New York Labor Law.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant

to 29 U.S.C. § 216(b).

16. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because the defendants' businesses are located in this district.

**COLLECTIVE ACTION ALLEGATIONS**

17. Pursuant to 29 U.S.C. § 206 and § 207, JOSE VILLEGAS, and PEDRO TEMPLOS LOPEZ seek to prosecute their FLSA claims as a collective action on behalf of a collective group of persons defined as follows:

> All persons who are or were formerly employed by defendants in the United States at any time since July 23, 2019, to the entry of judgment in this case (the "Collective Action Period"), who were restaurant employees, and who were not paid statutory minimum wages and/or overtime compensation at rates at least one-and-one-half times the regular rate of pay for hours worked in excess of forty hours per workweek (the "Collective Action Members").

18. The Collective Action Members are similarly situated to JOSE VILLEGAS, and PEDRO TEMPLOS LOPEZ in that they were employed by the defendants as non-exempt employees and were denied payment at the statutory minimum wage and/or were denied compensation overtime pay for hours worked beyond forty hours in a week.

19. They are further similarly situated in that defendants had a policy and practice of knowingly and willfully refusing to pay them the minimum wage or overtime.

20. JOSE VILLEGAS, and PEDRO TEMPLOS LOPEZ and the Collective Action Members perform or performed the same or similar primary duties, and were subjected to the same policies and practices by defendants.

21. The exact number of such individuals is presently unknown, but is known by the defendants and can be ascertained through appropriate discovery.

## FACTS

22. At all relevant times herein, the defendants owned and operated POKE BURRITO restaurant located at 3707 30th Avenue, Astoria, New York.

23. Mr. JOSE VILLEGAS was employed at POKE BURRITO, from October 5, 2019 until February 2021.

24. Mr. JOSE VILLEGAS was hired by defendant "PAISANO" DOE.

25. Mr. JOSE VILLEGAS performed delivery, cleaning, stocking and garbage removal work during his employment.

26. Mr. PEDRO TEMPLOS LOPEZ was employed at POKE BURRITO from approximately July 9, 2021 until April 28, 2022.

27. Mr. PEDRO TEMPLOS LOPEZ was hired by defendant "PAISANO" DOE.

28. Mr. PEDRO TEMPLOS LOPEZ performed delivery, cleaning, stocking and garbage removal work during his employment.

29. Mr. JOSE VILLEGAS's and Mr. PEDRO TEMPLOS LOPEZ's work for the defendants was/is performed in the normal course of the defendants' business, was integrated into the business of the defendants, and did/does not involve executive or administrative responsibilities.

30. At all relevant times herein, Mr. JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ were employees engaged in commerce and/or in the production of goods for commerce, as defined in the FLSA and its implementing regulations.

31. During his employment by the defendants from October 5, 2019, until April 20, 2020, Mr. JOSE VILLEGAS worked a regular schedule of seven days per week at POKE BURRITO.

32. During that period of his employment, Mr. VILLEGAS worked from 11 a.m. until 11 p.m. daily.

33. Consequently Mr. VILLEGAS was working 84 hours per week during this period of his employment.

34. From July 20, 2020, until February 2021, Mr. VILLEGAS worked seven days per week, from 11 a.m. until 10 p.m. daily.

35. During his employment Mr. VILLEGAS was paid at the rate of $75 per day, in cash, receiving $1,050 every two weeks.

36. During PEDRO TEMPLOS LOPEZ'S employment by

Defendants he has worked seven days per week, from 10 a.m. until 11 p.m. daily.

37. Consequently Mr. TEMPLOS LOPEZ worked 77 hours per week during his employment.

38. Mr. TEMPLOS LOPEZ was paid at the rate of $80 per day, in cash, during his employment, receiving $1,120 approximately every two weeks on Monday or Tuesday.

39. Mr. JOSE VILLEGAS and Mr. PEDRO TEMPLOS LOPEZ received the aforementioned amounts for all hours worked, regardless of the exact number of hours they each worked in a given week.

40. As a result, Mr. JOSE VILLEGAS's and Mr. PEDRO TEMPLOS LOPEZ's effective rates of pay were each sometimes below the statutory New York minimum wage in effect at relevant times.

41. Defendants' failure to pay JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ an amount at least equal to the New York minimum wage in effect during relevant time periods was willful, and lacked a good faith basis.

42. JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ were each always paid in cash and did not receive paystubs or wage statements of any sort with their pay.

43. In addition, the defendants failed to pay JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ any overtime "bonus" for

hours worked beyond 40 hours in a workweek, in violation of the FLSA, the New York Labor Law, and the supporting New York State Department of Labor regulations.

44. Defendants' failure to pay JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ the overtime bonus for overtime hours worked was willful and lacked a good faith basis.

45. The defendants also failed to pay JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ an additional hour's pay at the applicable minimum wage for each shift worked lasting in excess of 10 hours from start to finish (the "spread of hours compensation"), in violation of the New York Labor Law and supporting New York State Department of Labor regulations.

46. Defendants' failure to pay the spread-of-hours compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

47. Defendants failed to provide JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ with a written notice providing the information required by the Wage Theft Prevention Act – including, *inter alia*, defendants' contact information, their regular and overtime rates, and intended allowances claimed – and failed to obtain their signatures acknowledging the same, upon their hiring or at any time thereafter, in

violation of the Wage Theft Prevention Act in effect at the time.

48. Defendants failed to provide JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ with weekly records of their compensation and hours worked, in violation of the Wage Theft Prevention Act.

49. Upon information and belief, throughout the period of JOSE VILLEGAS's and PEDRO TEMPLOS LOPEZ's employment at POKE BURRITO, both before that time (throughout the Collective Action Period) and continuing until today, defendants have likewise employed other individuals like JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ (the Collective Action Members) in positions at the defendants' restaurants that required little skill, no capital investment, and with duties and responsibilities that did not include any managerial responsibilities or the exercise of independent judgment.

50. Defendants applied the same employment policies, practices, and procedures to all Collective Action Members, including policies, practices, and procedures with respect to the payment of minimum wages and overtime.

51. Upon information and belief, Defendants have failed to pay these other individuals at a rate at least equal to the minimum wage, in violation of the FLSA and the New York Labor Law.

52. Upon information and belief, these other individuals have worked in excess of forty hours per week, yet defendants have likewise failed to pay them overtime compensation of one-and-one-half times their regular hourly rate in violation of the FLSA and the New York Labor Law.

53. Upon information and belief, these other individuals were not provided with required wage notices or weekly wage statements as specified in New York Labor Law §§ 195.1, 195.3, and the Wage Theft Prevention Act.

54. Upon information and belief, while the defendants employed Mr. JOSE VILLEGAS and Mr. PEDRO TEMPLOS LOPEZ and the Collective Action members, and through all relevant time periods, the defendants failed to maintain accurate and sufficient time records or provide accurate records to employees.

55. Upon information and belief, while the defendants employed JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ and the Collective Action members, and through all relevant time periods, the defendants failed to post or keep posted a notice explaining the minimum wage and overtime pay rights provided by the FLSA or New York Labor Law.

**COUNT I**

**(New York Labor Law – Minimum Wage)**

56. JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ repeat,

reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

57. At all relevant times, JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

58. Defendants willfully violated JOSE VILLEGAS's and PEDRO TEMPLOS LOPEZ's rights by failing to pay them compensation in excess of the statutory minimum wage in violation of the New York Labor Law §§ 190-199, 652 and their regulations.

59. Defendants' failure to pay compensation in excess of the statutory minimum wage was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

60. Due to the defendants' New York Labor Law violations, Mr. JOSE VILLEGAS and Mr. PEDRO TEMPLOS LOPEZ are entitled to recover from the defendants their unpaid compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT II**

**(Fair Labor Standards Act - Overtime)**

61. JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ, on behalf of themselves and all Collective Action Members, repeat,

reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

62. At all relevant times, the defendants employed JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ and each of the Collective Action Members within the meaning of the FLSA.

63. At all relevant times, the defendants had a policy and practice of refusing to pay overtime compensation to their employees for hours they worked in excess of forty hours per workweek.

64. As a result of defendants' willful failure to compensate their employees, including JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ and the Collective Action Members, at a rate at least one-and-one-half times the regular rate of pay for work performed in excess of forty hours per workweek, the defendants have violated, and continue to violate, the FLSA, 29 U.S.C. §§ 201 et seq., including 29 U.S.C. §§ 207(a)(1) and 215(a).

65. The foregoing conduct, as alleged, constituted a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a), and lacked a good faith basis within the meaning of 29 U.S.C. § 260.

66. Due to the defendants' FLSA violations, Mr. JOSE VILLEGAS and Mr. PEDRO TEMPLOS LOPEZ, and the Collective Action Members are entitled to recover from the defendants

their unpaid overtime compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

**COUNT III**

**(New York Labor Law - Overtime)**

67. JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

68. At all relevant times, JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ were employed by the defendants within the meaning of the New York Labor Law, §§ 2 and 651.

69. Defendants willfully violated JOSE VILLEGAS's and PEDRO TEMPLOS LOPEZ's rights by failing to pay them overtime compensation at rates at least one-and-one-half times the regular rate of pay for each hour worked in excess of forty hours per workweek in violation of the New York Labor Law §§ 650 et seq. and its supporting regulations in 12 N.Y.C.R.R. § 146.

70. Defendants' failure to pay overtime was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 663 and supporting regulations.

71. Due to the defendants' New York Labor Law violations, JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ are entitled to recover from the defendants their unpaid overtime

compensation, liquidated damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT IV**

**(New York Labor Law – Spread of Hours)**

72. JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

73. At all relevant times, JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ were employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

74. Defendants willfully violated JOSE VILLEGAS's and PEDRO TEMPLOS LOPEZ's rights by failing to pay them an additional hour's pay at the minimum wage for each day they worked a shift lasting in excess of ten hours from start to finish, in violation of the New York Labor Law §§ 650 et seq. and its regulations in 12 N.Y.C.R.R. § 142-2.4.

75. Defendants' failure to pay the "spread of hours" compensation was willful, and lacked a good faith basis, within the meaning of New York Labor Law § 198, § 163 and supporting regulations.

76. Due to Defendants' New York Labor Law violations, JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ are entitled to recover from Defendants their unpaid compensation, liquidated

damages, interest, reasonable attorneys' fees, and costs and disbursements of the action, pursuant to New York Labor Law § 198, and § 663(1).

**COUNT V**

**(New York Labor Law – Wage Theft Prevention Act)**

77. JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ repeat, reallege, and incorporate by reference the foregoing allegations as if set forth fully and again herein.

78. At all relevant times, JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ were employed by defendants within the meaning of the New York Labor Law, §§ 2 and 651.

79. Defendants willfully violated JOSE VILLEGAS's and PEDRO TEMPLOS LOPEZ's rights by failing to provide them with the wage notice required by the Wage Theft Prevention Act when they were hired, or at any time thereafter.

80. Defendants willfully violated JOSE VILLEGAS's and PEDRO TEMPLOS LOPEZ's rights by failing to provide them with weekly wage statements required by the Wage Theft Prevention Act at any time during his employment.

81. Due to the defendants' New York Labor Law violations relating to the failure to provide paystubs, JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ are each entitled to recover from the defendants statutory damages of $250 per day, from June 2019 through June 2021, up to the maximum statutory

damages.

82. Due to the defendants' New York Labor Law violations relating to the failure to provide wage notices, JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ are entitled to recover from the defendants statutory damages of $50 per day from June 2019 through June 2021, up to the maximum statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, JOSE VILLEGAS and PEDRO TEMPLOS LOPEZ respectfully request that this Court grant the following relief:

a. Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and appointing Mr. JOSE VILLEGAS and Mr. PEDRO TEMPLOS LOPEZ and their counsel to represent the Collective Action members;

b. A declaratory judgment that the practices

complained of herein are unlawful under the FLSA and the New York Labor Law;

c. An injunction against the defendants and their officers, agents, successors, employees, representatives, and any and all persons acting in concert with them, as provided by law, from engaging in each of the unlawful practices, policies, and patterns set forth herein;

d. A compensatory award of unpaid compensation, at the statutory overtime rate, due under the FLSA and the New York Labor Law;

e. Compensatory damages for failure to pay the minimum wage pursuant to New York Labor Law;

f. Compensatory damages for failure to pay the "spread of hours" compensation pursuant to New York Labor Law;

g. An award of liquidated damages as a result of defendants' willful failure to pay the statutory minimum wage, overtime, and "spread of hours" compensation pursuant to 29 U.S.C. § 216;

h. Liquidated damages for the defendants' New York Labor Law violations;

    i. Statutory damages for the defendants' violation of the New York Wage Theft Prevention Act;

j. Back pay;

k. Punitive damages;

l. An award of prejudgment and postjudgment interest;

m. An award of costs and expenses of this action together with reasonable attorneys' and expert fees; and

n. Such other, further, and different relief as this Court deems just and proper.

Dated: July 22, 2022

/s/ Michael Samuel
Michael Samuel (MS 7997)
THE SAMUEL LAW FIRM
1441 Broadway
Suite 6085
New York, New York 10018
(212) 563-9884
Attorneys for Plaintiffs,
JOSE VILLEGAS and
PEDRO TEMPLOS LOPEZ
*Individually and on behalf of an FLSA collective*